IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Richard Canter and Kelly Basilio, on behalf of themselves and others similarly situated,** | CASE NO. 2:23-cv-1037 |
| Plaintiffs, | JUDGE EDMUND A. SARGUS, JR. |
| v. | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| **Omega Healthcare Services, Inc., et al.** | |
| Defendants. | |

**ORDER**

This matter is before the Court on the Joint Motion for Approval of FLSA Collective Action Settlement by Representative Plaintiffs Richard Canter and Kelly Basilio, Defendant Omega Healthcare Services, Inc., and Defendant Esther Bervelyn Acheampong. (Joint Mot., ECF No. 32.) For the reasons stated herein, the Court **GRANTS** the parties' Joint Motion.

**BACKGROUND**

Representative Plaintiffs Canter and Basilio filed this lawsuit against Defendants Omega and Acheampong for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1.) Representative Plaintiffs allege that Defendants violated the FLSA by failing to pay their employees overtime wages for all hours worked over 40 per week because Defendants tracked the hours worked at different pay rates separately for purposes of computing overtime hours worked and overtime wages owed. (*Id*.) Defendants also allegedly failed to combine all hours worked by Representative Plaintiffs and other similarly situated Home Health Aides ("HHA") each workweek for all rates of pay to compute total overtime hours worked each week as required by the FLSA. (*Id*.) Defendants deny these allegations and

1

assert that they properly paid their hourly employees, including Representative Plaintiffs, for all hours worked.

One other hourly employee joined the action as an opt-in plaintiff, and there are another 18 persons—eligible settlement participants—who will receive notice of this settlement and have an opportunity to join in the settlement (collectively with Representative Plaintiffs and Opt-in Plaintiff, "Plaintiffs") by submitting a signed Consent Form and Release. (ECF No. 32-1, Ex. 1-A.) After exchanging detailed pay and time records, Representative Plaintiffs and Defendants engaged in settlement discussions and a mediation that resolved Plaintiffs' claims. The parties now move for approval of their settlement agreement. (*Id.*)[1]

The total settlement amount is $62,000.00, consisting of all potential individual settlement payments to the eligible settlement participants, $2,500.00 service awards to each Representative Plaintiff, a one-third payment to Representative Counsel in the amount of $20,666.67 for attorneys' fees, and a $402.00 payment to Representative Counsel for out-of-pocket costs. (Settlement Agreement, ECF No. 32-1, at PageID # 191–98.)

## ANALYSIS

The Court may approve an FLSA settlement if there is a bona fide dispute under the FLSA that can be resolved by a settlement agreement, the agreement was reached through an arm's-length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *17 (S.D. Ohio May 30, 2012) (Frost, J.) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381–82 (S.D. Ohio 2006)).

To determine whether a proposed FLSA settlement is fair, reasonable, and adequate, this

---

[1] The Parties acknowledge that Plaintiffs are dismissing their Rule 23 class action claims without prejudice. (Joint Mot., ECF No. 32, at PageID # 182.)

Court considers: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *3 (S.D. Ohio June 24, 2011). "Additionally, when a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Id.*; 29 U.S.C. § 216(b) (A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the Parties dispute whether hourly employees were properly paid overtime wages. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the parties did not engage in formal discovery prior to attending mediation, Plaintiffs' counsel was able to assess Defendants' payroll and timekeeping information and perform a damage analysis. Plaintiffs' counsel also reviewed payroll and timekeeping records relating to a United States Department of Labor Investigation into Defendants' pay practices.

While the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect: (1) a potential payment for 100% of the

damages related to the alleged unpaid overtime wages as calculated with Defendants' pay and time records; and (2) a potential *pro rata* payment for liquidated damages and OPPA damages. Representative Plaintiffs will each receive a $2,500 service award in addition to their individual payment. All these payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of $20,666.67 represent one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs of $402.

## CONCLUSION

For the reasons above, the parties' Joint Motion for Approval of FLSA Settlement (ECF No. 32) is **GRANTED**. The Settlement Agreement is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.** The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, the addition of Eligible Settlement Participants and the distribution process.

**IT IS SO ORDERED.**

**8/14/2024**                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**